## V. A. SCOVILL ET AL. v. N. MELTON.

Decided February 22, 1905.

**1.—Contract—Representations—Question of Fact.**

Evidence considered and held sufficient to require the submission of issues raised by defendant's plea in reconvention for damages to cattle, for pasturage of which plaintiff sued, arising from the insufficiency of a pasture represented by plaintiff to be adequate for the purpose.

**2.—Requested Charge.**

A requested charge specifically presenting an issue involved should be given, though so covered in general terms by the charge given as to suffice in the absence of a request for the specific instruction.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*J. A. Martin, E. M. Eddins* and *Rice & Bartlett,* for appellants.— When, as in this case, the defendant has plead in reconvention for damages against plaintiff, and has offered evidence in support of said plea, it is error for the court to arbitrarily instruct the jury to find against the defendant's plea in reconvention, because the same is usurping the province of the jury.

The court erred in refusing to give special charge No. 5, asked by defendants, to the effect that the false representations made by the plaintiff to the defendant Scovill concerning the leased pasture would vitiate the contract, no matter whether such representations were fraudulently and wilfully or innocently made. Carter v. Cole, 42 S. W. Rep., 369, and authorities there cited; Loper v. Robinson, 54 Texas, 510; Pendarvis v. Gray, 41 Texas, 326; Culbertson v. Blanchard, 79 Texas,

486; Bigelow on Fraud, 11, 411, 414 and 520; 1 Parsons on Cont., 591, 592, 579, 580.

*Nat. Lewellyn, Tom Connolly* and *Z. I. Harlan,* for appellee.—The damages set up in the plea in reconvention were too remote and not in contemplation of the parties at the time the pasturage contract was made, and the court did not err in instructing the jury to disregard the plea in reconvention. Brush v. Cattle Company, 2 Texas Civ. App., 190, 21 S. W. Rep., 389.

When the court in its main charge gives a full and fair presentation of the law of the case, it is not error to refuse a special charge though it contain a correct exposition of the law. Cole v. Carter, 22 Texas Civ. App., 458, 54 S. W. Rep., 914; Carter v. Cole, 42 S. W. Rep., 369.

EIDSON, ASSOCIATE JUSTICE.—The following statement of the nature and result of the suit taken from the briefs of appellants and appellee, appears to be full and correct:

"This is a suit originally filed by appellee Melton, plaintiff below, in the Justice's Court against V. A. Scovill to recover a balance of $70 claimed to be due him by Scovill for breach of a contract for pasturage, and for foreclosure of pasturage lien upon certain cattle, in which suit A. Barganier, one of the appellees was likewise joined and made party defendant, on the ground that he had purchased the cattle upon which appellee was asserting a pasturage lien. The defendants in said Justice's Court plead general demurrer and general denial, and set up an arbitration alleged to have been had between them and appellee in which they plead an award of the arbitrators in their favor in bar of this action, and further plead that appellant Scovill was induced to enter into the contract sued upon by fraudulent representations of Melton that the pasture rented to him was a good winter pasture, when in reality such was not the fact. Defendants also plead failure of consideration, and in reconvention against plaintiff for certain sums of money expended by defendant Scovill for feed of cattle, for labor of feeding same, and for making troughs for feeding same, aggregating the sum of $71.70. The first trial in Justice's Court resulted in a mistrial. Upon a second trial, there was a verdict and judgment for appellants herein, from which judgment appellee appealed to the County Court. In the County Court appellants amended their pleadings, setting up, first, general denial and failure of consideration for the contract sued upon by plaintiff in this, that before the making of said contract by plaintiff and defendant Scovill, Melton represented to defendant Scovill that the pasture therein referred to was a good winter pasture, and that such cattle as defendant might put upon said pasture would thrive and become fat for marketable purposes, whereas, in truth and in fact, said pasture was not a good winter pasture, and said cattle did not thrive thereon, but lost flesh and became poor, which plea was verified.

"Defendant further plead that all the matters in controversy between plaintiff Melton and himself, arising upon said contract for the pasturage of said cattle were, prior to the filing of this suit, submitted to a board of arbitrators duly selected, and that after due consideration by

said board, an award was duly rendered to the effect that the defendant Scovill did not owe plaintiff Melton anything by reason of the contract herein sued upon, and found in favor of the defendant Scovill against the plaintiff Melton. Which said award the defendant Scovill plead in bar of plaintiff's right to recover anything in this suit. Defendant Scovill further plead that prior to the making of said contract sued upon herein, the plaintiff Melton represented to him that the pasture in question was a good winter pasture, and that cattle which, he, defendant, contemplated pasturing thereon would thrive and become fat; that said defendant believed said representations to be true, and was induced thereby to enter into said contract, but that said representations were untrue, that said pasture was not a good winter pasture, and the cattle he placed thereon did not thrive, but on the contrary, lost flesh, became very poor and that some of them died; that by reason thereof the defendant Scovill suffered the following injury and damage, to wit: The death of eight head of cattle on account of insufficiency of pasturage, and the depreciation in value of the balance of said cattle, to the value of $125, which amount he plead in reconvention; that by reason of the insufficiency of said pasture he was compelled to feed said cattle at an additional expense of $73.20, which amount he likewise pleaded in reconvention.

"In the County Court the defendant Barganier demurred to plaintiff's cause of action, plead general denial, and especially denied that plaintiff had or held any valid lien against the cattle purchased by him, because all the sums due upon said cattle for their pasturage had been fully paid by the defendant Scovill, and further, if there had been any valid lien in favor of plaintiff against said cattle purchased by him, that the same had been lost and abandoned by the surrender of the possession of said cattle to said defendant, and further that he had purchased said cattle for a full and valuable consideration, without knowledge or notice of the pretended claim or lien alleged by plaintiff, and further that the value of the cattle on which said plaintiff asserted a claim or lien exceeded $200, to wit, were of the value of $600, and that said court was without jurisdiction to try said cause.

"Upon the trial in the County Court the jury rendered a verdict in favor of plaintiff for $70 with a foreclosure on the cattle in controversy for the sum of $37.50 against appellee Barganier, and against defendant's plea in reconvention. Upon which said verdict, judgment was duly rendered for plaintiff against defendant Scovill for the sum of $70 with interest thereon at the rate of six percent per annum from January 1, 1903, and it was adjudged that the same be foreclosed upon the seventy head of cattle in the possession of defendant A. Barganier to the extent of $37.50, and in the event that said cattle were not forthcoming that plaintiff recover of the defendant Barganier the sum of $37.50, with interest thereon at the rate of six percent per annum from the 1st day of January, 1903."

"This suit was originally instituted in the Justice's Court against appellants V. A. Scovill and A. Barganier upon a contract of pasturage, beginning on October 1, 1902, and ending on January 1, 1903, in which plaintiff alleged that defendant Scovill had used said pasture during

all of said time; that he had paid for the months of October and November and refused to pay for December; he asserted a lien upon the cattle so pastured for the pasturage during December, and asked for a foreclosure against defendant Barganier, alleging that the said Barganier, prior to his purchase, knew of the existence of said claim for pasturage and thereafter bought and removed said cattle from the pasture, without the consent of plaintiff."

By their eighth assignment of error appellants complain of the action of the court below in instructing the jury to find against appellant Scovill on his plea in reconvention, and in refusing to give to the jury said appellants' special charge No. 2, which is as follows: "If you believe from the evidence in this case that the plaintiff Melton represented to the defendant Scovill, before the contract sued on was made, that the pasture in question was a good winter pasture, and would fatten his cattle, or words to that effect, and that the defendant Scovill believed such representations and acted upon them in making the contract; and if you further believe that said pasture was not a good winter pasture, and did not sustain the number of cattle actually placed upon it, and that it became necessary for the defendant Scovill, in order to save his cattle from starvation, to go to extra expense in keeping them, then, if you so believe, you are charged that you would not only be authorized in finding a verdict for the defendant Scovill, but you will take into consideration his plea in reconvention, and find for him upon said plea whatever amount the proof shows he was necessarily required to expend by reason of said insufficiency of the pasture, not to exceed the amount claimed in said plea in reconvention."

We are of the opinion that, in view of the allegations contained in appellant Scovill's plea in reconvention, and the evidence submitted thereunder on the trial in the court below, the court erred in instructing the jury to find against said appellant on said plea, and also erred in refusing to give said special charge to the jury. Said appellant's plea in reconvention is as follows:

"4. And further answering herein, if need be, defendant Scovill says that at or about the time of the making of said written contract sued upon herein, that the plaintiff Melton represented to the defendant Scovill that the pasture in question was a good winter pasture, and that the cattle which defendant contemplated pasturing thereon would thrive and fatten thereon. That the defendant believed said representation to be true, and was induced thereby to make and enter into said contract. Defendant says that said representations were untrue, as he afterwards found out, and that said pasture was not a good winter pasture, and that the cattle which he afterwards placed thereon, did not thrive or fatten, but, on the contrary, lost flesh and became very poor, and that some of them died. Defendant says that by reason thereof he suffered the following injury and damages, to wit: That of the cattle so placed by him upon said pasture, eight head thereof, on account of the insufficiency of said pasture, died from poverty; and that the balance of the cattle so placed upon said pasture by him depreciated in value; and that defendant, by reason thereof, was damaged in the sum of $125, which amount he pleads in reconvention herein. That by reason of the insufficiency of said pasture, he was compelled to feed said cattle and

to go to the expense of making eight troughs for feeding same, at the expense of $20, which said troughs he afterwards sold for $8, making a net loss of $12 for said items. That he was compelled to purchase feed for said cattle, at an expense of $39.20, and was compelled to hire a hand to look after and attend to the feeding of said cattle, at the expense of $1 per day for twenty days; the last three items of damage amounting to $73.20, which said amount he likewise pleads in reconvention as against plaintiff herein. All of which he is ready to verify."

Without intimating any opinion as to the sufficiency of the testimony adduced by said appellant in support of his plea in reconvention, we are of opinion that there was sufficient evidence adduced under said plea to require the court to give to the jury said requested special instruction, and its refusal was reversible error. We do not think the damages claimed in said plea are too remote.

In view of another trial of this case, we would suggest that it would be proper for the court to give to the jury appellant's requested special charge No. 5. While the general charge of the court upon the issue to which said special charge related, would be sufficient in the absence of a request for a special charge, such request having been made, we think the court should have given the charge.

All the other assignments are overruled.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*